**TEXAS CITY REFINING, INC., et al.,**
Appellants,

v.

**A. F. KLAVENESS & CO., A/S,** Appellee.

No. 18573.

United States Court of Appeals
Fifth Circuit.

March 31, 1961.

Rehearing Denied April 29, 1961.

Robert Eikel, Houston, Tex., for appellants.

Bryan F. Williams, Jr., of Royston, Rayzor & Cook, Galveston, Tex., for appellee.

Before TUTTLE, Chief Judge, and RIVES and JONES, Circuit Judges.

JONES, Circuit Judge.

The M/V Kingsville was an ocean-going general cargo vessel under the Norwegian flag and owned by the appellee, A. F. Klaveness & Co., A/S, a Norwegian corporation. The S/T Four Lakes is an ocean-going tank ship of United States registry and was operated, at the time of the occurrences giving rise to this litigation, under a bareboat charter by the appellee, Texas City Refining, Inc., a Delaware corporation. The Kingsville has a length of 505 feet and a breadth of 64 feet 3 inches. The Four Lakes has a length of 504 feet and a breadth of 68 feet. The two vessels were in a collision and this appeal is from a decree of the district court finding that the Four Lakes and those in charge of her navigation were at sole fault with respect to the collision. The collision occurred in the slip of Port Tampa, Florida. The slip, sometimes called the "canal" is approximately 3600 feet long and, as found by the district court, is approximately 160 feet wide. The slip runs in a general east-west direction and the only entrance for ships is at the westerly end. To enter the slip a vessel must proceed through a cut and make a turn of about 65 degrees.

The collision occurred in the early afternoon of January 14, 1958. The weather, sea and tide were normal. Just prior to the collision the Kingsville was moored near the slip entrance at a dock adjacent to a phosphate elevator. The trial court found that she was properly and adequately moored, with a sufficient number of lines of adequate type, strength and condition to secure her position during the passage of another vessel in the slip, if the other vessel be navigated with care. The Kingsville's mooring lines, the court found, were secured in a seamanlike manner, her port side was well alongside her moorings, and her beam extended into the slip only as far as was necessary for a ship of her breadth. The Four Lakes came to the slip bound for an oil terminal east of the dock at which the Kingsville was moored. When the Four Lakes reached the entrance to the slip she made fast a tug by a single headline. From the district court findings we quote:

> "As the Four Lakes drew abeam of Kingsville to pass to the starboard of the moored vessel, the Four Lakes failed to keep sufficiently clear of the Kingsville and the port side of the Four Lakes was in collision with the starboard side of the Kingsville. The collision was caused either by the Four Lakes striking the Kingsville in the first instance, or by passing so close to her under the circumstances as to cause the Kingsville to surge away from the dock because of the passage of the Four Lakes in such close proximity to the Kingsville. In either event the Four Lakes and those in charge of her navigation were at fault in navigating her too close to the center of the channel as she drew abreast of the Kingsville and hence too close to the Kingsville for safe passage. Because of the heavily laden condition of the Four Lakes and engine maneuvers which she made in too close a proximity to the Kingsville the casualty and resulting damage occurred."

The district court found that the Four Lakes was solely at fault for the collision and that the Kingsville was free from fault. A decree for the libellant, the appellee here, was entered and the cross-libel of the appellant was dismissed.

In seeking to procure a reversal of the district court's decree, the appellant challenges most of its material findings. The appellant contends that it was clearly established, without substantial evidence to the contrary, that the lines by which the Kingsville was moored were slack, old and inadequately placed, that as the

Four Lakes passed the Kingsville surged, one or more of her inadequate lines parted and she moved away from her mooring and struck the passing Four Lakes. To this factual hypothesis the appellant would apply the rule thus announced by the Supreme Court:

> "The collision being caused by the Louisiana drifting from her moorings, she must be liable for the damages consequent thereon, unless she can show affirmatively that the drifting was the result of inevitable accident, or a vis major, which human skill and precaution, and a proper display of nautical skill could not have prevented." The Louisiana, 3 Wall. 164, 70 U.S. 164, 18 L.Ed. 85.

If the facts, as established by the evidence, were as the appellant insists, and the collision occurred because the Kingsville broke loose from her moorings by reason of her lines being inadequate and improperly placed, then the doctrine of The Louisiana would be applicable.

The appellee, answering the contentions of the appellant, cites as the law applicable the following:

> "A vessel properly moored to the pier or to the shore, like a properly anchored vessel, has the highest degree of privilege. If she is damaged by a moving vessel, the latter is prima facie at fault." Griffin, Collision 373, § 158.

If the facts, as established by the evidence, are as the district court found them to be and the Kingsville was properly moored and was, in fact, damaged by the moving Four Lakes, then the principle quoted from Griffin is applicable and the decree from which this appeal stems must be affirmed.

Each of the appellant's specifications of error challenged a finding of fact made by the district court. Our duty both begins and ends with a consideration of whether or not the findings of the trial court are clearly erroneous. McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20; Ohio Barge Line, Inc. v. Oil Transport Company, Inc., 5 Cir., 1960,

280 F.2d 448. We have addressed ourselves to that task. A discussion of the evidence would make no contribution to jurisprudence. We will content ourselves by saying that the evidence clearly sustains the district court's findings. Its judgment is

Affirmed.